UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ELENA MARTIN,

    Plaintiff,

v.

JEFFREY J. HERNANDEZ,
and his wife
IBIS C. LAZO

    Defendants,

_____/

## COMPLAINT

COMES NOW the Plaintiff ELENA MARTIN, by and through the undersigned counsel, and hereby sues Defendants JEFFREY J. HERNANDEZ and his wife IBIS C. LAZO, and alleges:

1. This is an action to recover monetary damages for unpaid minimum wages and retaliation under the laws of the United States. Jurisdiction is conferred on the Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. §201-219 (Section 216 (b) for jurisdictional placement).

2. Plaintiff ELENA MARTIN is a resident of Dade County, Florida, within the Honorable Court's jurisdiction. Plaintiff is a covered employee for purposes of the Act.

3. Defendants JEFFREY J. HERNANDEZ and his wife IBIS C. LAZO (hereinafter JEFFREY J. HERNANDEZ and IBIS C. LAZO, or Defendants) are Dade County residents who employed Plaintiff ELENA MARTIN. Defendants are the employers of Plaintiff within the meaning of FLSA 29 U.S.C. §203 (d).

GENERAL ALLEGATIONS

4. Defendants JEFFREY J. HERNANDEZ and his wife IBIS C. LAZO employed Plaintiff ELENA MARTIN as a household domestic employee and to take care of Mrs. IBIS C. LAZO's elderly mother, who lived in her private residence located at 905 East 30 ST Hialeah, FL 33013.

5. Defendants JEFFREY J. HERNANDEZ and his wife IBIS C. LAZO manage, maintain, and provide the essentials of daily living like utilities and food for Mrs. IBIS C. LAZO's elderly mother.

6. Plaintiff worked for Defendants from approximately July 15, 2021, to September 10, 2023, or 112 weeks.

7. At the time of Plaintiff's hiring, Defendants JEFFREY J. HERNANDEZ and IBIS C. LAZO entered into an employment agreement with Plaintiff. Defendants verbally explained to Plaintiff her working conditions, detailing her wages, working hours, and duties.

8. According to the terms of the agreement Plaintiff would be working for Defendants as a caregiver and domestic employee for Mrs. Paula Lazo six days per week, from Mondays to Saturdays, or an average of 40 hours weekly. Defendants promised to compensate Plaintiff fairly for her work and services.

9. As a condition for employment and convenience for the employee, Defendants required Plaintiff to live in the private residence. Defendants offered Plaintiff room, board, and full compensation for every hour worked.

10. Plaintiff's main duty consisted of providing personal care to an 88-year-old lady suffering from an advanced stage of mental illness, which caused her unpredictable behavior. The patient was dependent on Plaintiff, who spent hours repeating activities of daily living such as dressing, grooming, cooking, feeding, bathing, toileting, changing diapers, and cleaning, trying to keep sanitary conditions at the residence.

11. In addition, Plaintiff performed routine, regular, and general household work. This personal care, and routine household work, exceeded at large the 20% limit required for a "companionship" exemption.

12. While employed by Defendants, Plaintiff worked 6 days weekly from Monday to Saturday from 7:00 AM to 10:00 PM (15 hours daily), or a total of 90 hours weekly. Plaintiff was not able to take bonafide lunchtime.

13. Plaintiff was paid bi-weekly an average of $454.00 weekly. This amount, divided by the number of hours worked, resulted in a regular rate of $5.00 an hour, which is below the minimum wage required by law.

14. Defendants did not keep any time-keeping method to track Plaintiff's hours, but they were in complete control of Plaintiff's schedule and knew the number of hours that she was working.

15. Therefore, Defendants JEFFREY J. HERNANDEZ and IBIS C. LAZO willfully failed to pay Plaintiff minimum wages for the time and periods specified above, in violation of the Fair Labor Standards Act.

16. Plaintiff was paid by direct deposits, but she was not provided with any record or paystub detailing the number of days and hours worked, wage rate, employment taxes deducted, etc. In 2022, Plaintiff was provided with a W-2 Form from National Academic Educational Partners Inc.

17. Plaintiff did not agree with the wages received every week, and on or about August 4, 2023, she complained about her wages to JEFFREY J. HERNANDEZ. Defendant JEFFREY J. HERNANDEZ refused to increase Plaintiff's salary.

18. On or about August 18, 2023, Plaintiff went on vacation to Cuba. When she returned, on or about Defendants fired Plaintiff.

19. Plaintiff ELENA MARTIN seeks to recover any regular unpaid wages accumulated during her relevant time of employment, retaliatory damages, liquidated damages, as well as any other relief applicable by law.

### COUNT I:
### FEDERAL STATUTORY VIOLATIONS OF THE FLSA'S MINIMUM WAGE PROVISIONS, 29 U.S.C. §206; AGAINST ALL DEFENDANTS

20. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-19 of this complaint set out in full herein.

21. Plaintiff ELENA MARTIN brings this action to recover from the Employers JEFFREY J. HERNANDEZ and IBIS C. LAZO unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

22. At all times relevant to this action, Plaintiff ELENA MARTIN was an employee of Defendants within the meaning of the FLSA 29 U.S.C. §203 (e).

23. At all times relevant to this action, Defendants were Plaintiff's Employers within the meaning of the FLSA 29 U.S.C. §203 (d).

24. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA 29 U.S.C. §203 (g).

25. At all times relevant to this action, Plaintiff was employed as a domestic employee within the meaning of the FLSA 29 U.S.C. §206 (f).

26. Pursuant to 29 USC § 206, (f), 206 § (b), and 206 § (a)(1), the Employers/Defendants were subjected to the provisions of the FLSA, and the Plaintiff was a covered employee for the purposes of the Act.

27. Specifically, Title 29 U.S.C. §206 (f) states:

**Employees in domestic service**
Any employee—
**(1)** who in any workweek is employed in domestic service in a household shall be paid wages at a rate not less than the wage rate in effect under subsection (b) of this section unless such employee's compensation for such service would not because of section 209(a)(6) of the Social Security Act [U.S.C. 409(a)(6)] constitute wages for the purposes of title II of such Act [42 U.S.C. 401 et seq.], or
**(2)** who in any workweek—
**(A)** is employed in domestic service in one or more households, and
**(B)** is so employed for more than 8 hours in the aggregate,
shall be paid wages for such employment in such workweek at a rate not less than the wage rate in effect under subsection (b) of this section.

28. Defendants JEFFREY J. HERNANDEZ and his wife IBIS C. LAZO employed Plaintiff ELENA MARTIN as a household domestic and caregiver for Mrs. IBIS C. LAZO's elderly mother. who lived in her private residence located at 905 East 30 ST Hialeah, FL 33013.

29. Defendants JEFFREY J. HERNANDEZ and his wife IBIS C. LAZO manage, maintain, and provide the essentials of daily living like utilities and food.

30. Plaintiff worked for Defendants from approximately July 15, 2021, to September 10, 2023, or 112 weeks.

31. As a condition for employment and convenience for the employee, Defendants required Plaintiff to live in at the residence. Defendants offered Plaintiff room, board, and full compensation for every hour worked.

32. Plaintiff's main duty consisted of providing personal care to an 88-year-old lady suffering from an advanced stage of mental illness, which caused her unpredictable behavior. The patient was totally dependent on Plaintiff, who spent hours repeating activities of daily living such as dressing, grooming, cooking, feeding, bathing, toileting, changing diapers, and cleaning, trying to keep sanitary conditions at the residence.

33. In addition, Plaintiff performed routine, regular, and general household work. This personal care, and routine household work, exceeded at large the 20% limit required for a "companionship" exemption.

34. While employed by Defendants, Plaintiff worked six days weekly, from Monday to Saturday from 7:00 AM to 10:00 PM (15 hours daily), or a total of 90 hours weekly. Plaintiff was not able to take bonafide lunchtime.

35. Plaintiff was paid bi-weekly an average of $454.00 weekly. This amount, divided by the number of hours worked, resulted in a regular rate of $5.00 an hour, which is below the minimum wage required by law.

36. Defendants did not keep any time-keeping method to track Plaintiff's hours, but they were in complete control of Plaintiff's schedule and knew the number of hours that she was working.

37. Therefore, Defendants JEFFREY J. HERNANDEZ and IBIS C. LAZO willfully failed to pay Plaintiff minimum wages for the time and periods specified above, in violation of the Fair Labor Standards Act.

38. Plaintiff was paid by direct deposits, but she was not provided with any record or paystub detailing the number of days and hours worked, wage rate, employment taxes deducted, etc. In 2022 Plaintiff was provided with a W-2 Form from National Academic Educational Partners Inc.

39. Plaintiff was fired on or about September 10, 2023.

40. The records, if any, concerning the number of hours worked by Plaintiff and the compensation paid to her should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

41. Defendants never posted any notice, as required by the Fair Labor Standards Act, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

42. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

   *Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
   *Florida minimum wage is higher than the federal minimum wage. As per FLSA Regulations the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

      Fifty-One Thousand Eight Hundred Fifty-Three Dollars and 50/100 ($51,853.50)

   b. <u>Calculation of such wages</u>:
      Total weeks of employment:  112 weeks
      Total relevant weeks:  109 weeks (deducting 3 weeks of vacations)
      Total hours worked:  90 hours weekly
      Salary paid: $450.00:90 hours=$5.00
      Regular rate paid:  $5.00 an hour
      Florida Minimum Wage 2021: $8.65
      Florida Minimum Wage 2022: $10.00
      Florida Minimum Wage 2023: $11.00

      **1.- Minimum wages 11 weeks @ $8.65**
      From July 15, 2021, to September 29, 2021
      FL Minimum wage $8.65-$5.00 rate paid=$3.65 Min. wage difference

      $3.65 x 90 hours=$328.50 weekly x 11 weeks = $3,613.50

      **2.- Minimum wages 52 weeks @ $10.00**
      From September 30, 2021, to September 29, 2022
      FL Minimum wage $10.00-$5.00 rate paid=$5.00 Min. wage difference

      $5.00 x 90 hours=$450.00 weekly x 52 weeks = $23,400.00

      **3.- Minimum wages 46 weeks @ $11.00**
      From September 30, 2022, to August 17, 2023
      FL Minimum wage $11.00-$5.00 rate paid=$6.00 Min. wage difference

      $6.00 x 90 hours=$540.00 weekly x 46 weeks = $24,840.00

Total #1, #2, and #3=$51,853.50

Nature of wages:

This amount represents unpaid Min. wages at the FL Min. wage rate[1]

43. Plaintiff ELENA MARTIN was not paid minimum wages for the hours and relevant periods specified above. Therefore, the Defendants unlawfully failed to pay minimum wages to Plaintiff.

44. Defendants JEFFREY J. HERNANDEZ and IBIS C. LAZO knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remained owing Plaintiff ELENA MARTIN these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff is entitled to recover double damages.

45. Defendants JEFFREY J. HERNANDEZ and IBIS C. LAZO willfully and intentionally refused to pay Plaintiff ELENA MARTIN minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

46. Plaintiff seeks to recover for minimum wage violations accumulated within her relevant employment and/or from 3 (three) years from the date of the filing of this complaint.

47. Plaintiff ELENA MARTIN has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees.

PRAYER FOR RELIEF

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

WHEREFORE, Plaintiff ELENA MARTIN respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff ELENA MARTIN and against the Defendants JEFFREY J. HERNANDEZ and IBIS C. LAZO based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff ELENA MARTIN actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages /liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ELENA MARTIN demands trial by jury of all issues triable as of right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

48. Plaintiff ELENA MARTIN re-adopts every factual allegation as stated in paragraphs 1-19 of this complaint as if set out in full herein.

49. At all times relevant to this action, Plaintiff ELENA MARTIN was an employee of Defendants within the meaning of the FLSA 29 U.S.C. §203 (e).

50. At all times relevant to this action, Defendants JEFFREY J. HERNANDEZ and IBIS C. LAZO were Plaintiff's Employers within the meaning of the FLSA 29 U.S.C. §203 (d).

51. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA 29 U.S.C. §203 (g).

52. At all times relevant to this action, Plaintiff was employed as a domestic employee within the meaning of the FLSA 29 U.S.C. §206 (f).

53. Pursuant to 29 USC § 206, (f), 206 § (b), and 206 § (a)(1), the Employers/Defendants were subjected to the provisions of the FLSA, and the Plaintiff was a covered employee for the purposes of the Act.

54. Specifically, Title 29 U.S.C. §206 (f) states:

    **Employees in domestic service**
    Any employee—
    **(1)** who in any workweek is employed in domestic service in a household shall be paid wages at a rate not less than the wage rate in effect under subsection (b) of this section unless such employee's compensation for such service would not because of section 209(a)(6) of the Social Security Act [U.S.C. 409(a)(6)] constitute wages for the purposes of title II of such Act [42 U.S.C. 401 et seq.], or
    **(2)** who in any workweek—
    **(A)** is employed in domestic service in one or more households, and
    **(B)** is so employed for more than 8 hours in the aggregate,
    shall be paid wages for such employment in such workweek at a rate not less than the wage rate in effect under subsection (b) of this section.

55. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

56. Defendants JEFFREY J. HERNANDEZ and his wife IBIS C. LAZO employed Plaintiff ELENA MARTIN as a household domestic and caregiver for Mrs. IBIS C. LAZO's elderly mother. who lived in her private residence located at 905 East 30 ST Hialeah, FL 33013.

57. Defendants JEFFREY J. HERNANDEZ and his wife IBIS C. LAZO manage, maintain, and provide the essentials of daily living like utilities and food.

58. Plaintiff worked for Defendants from approximately July 15, 2021, to September 10, 2023, or 112 weeks.

59. As a condition for employment and convenience for the employee, Defendants required Plaintiff to live in at the residence. Defendants offered Plaintiff room, board, and full compensation for every hour worked.

60. Plaintiff's main duty consisted of providing personal care to an 88-year-old lady suffering from an advanced stage of mental illness, which caused her unpredictable behavior. The patient was totally dependent on Plaintiff, who spent hours repeating activities of daily living such as dressing, grooming, cooking, feeding, bathing, toileting, changing diapers, and cleaning, trying to keep sanitary conditions at the residence.

61. In addition, Plaintiff performed routinely, regular and general household work. This personal care, and routine household work, exceeded at large the 20% limit required for a "companionship" exemption.

62. While employed by Defendants, Plaintiff worked six days weekly, a total of 90 hours weekly. Plaintiff was not able to take bonafide lunchtime.

63. Plaintiff was paid bi-weekly an average of $454.00 weekly. This amount divided by the number of hours worked, resulted in a regular rate of $5.00 an hour, which is below the minimum wage required by law.

64. Defendants did not keep any time-keeping method to track Plaintiff's hours, but they were in complete control of Plaintiff's schedule and knew the number of hours that she was working.

65. Therefore, Defendants JEFFREY J. HERNANDEZ and IBIS C. LAZO willfully failed to pay Plaintiff minimum wages for the time and periods specified above, in violation of the Fair Labor Standards Act.

66. Plaintiff was paid by direct deposits, but she was not provided with any record or paystub detailing the number of days and hours worked, wage rate, employment taxes deducted, etc.

67. Plaintiff did not agree with the wages received every week, and on or about August 4, 2023, she complained about her wages to JEFFREY J. HERNANDEZ. Defendant JEFFREY J. HERNANDEZ refused to increase Plaintiff's salary.

68. This complaint constituted protected activity under the FLSA.

69. Plaintiff went on vacation on or about August 18, 2023.

70. However, when she returned on or about September 10, 2023, Defendants fired Plaintiff.

71. At the time of her termination, Plaintiff performed and excelled at the essential functions of her position. There was no other reason than retaliation to fire her.

72. Furthermore, there is close proximity between Plaintiff's protected activity and her termination.

73. Defendants willfully and maliciously retaliated against Plaintiff ELENA MARTIN by firing her.

74. The motivating factor which caused Plaintiff ELENA MARTIN to be fired as described above was her complaint seeking regular wages from the Defendants. In other words, Plaintiff would not have been fired but for her complaints about unpaid wages.

75. The Defendants' adverse action against Plaintiff ELENA MARTIN was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

76. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ELENA MARTIN respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants JEFFREY J. HERNANDEZ and IBIS C. LAZO that Plaintiff ELENA MARTIN recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants JEFFREY J. HERNANDEZ and IBIS C. LAZO to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff ELENA MARTIN further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff ELENA MARTIN demands a trial by jury of all issues triable as of right by jury.

Dated: January 11, 2024

Respectfully submitted,

By: /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*